UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TREATY ENERGY CORPORATION,** | * | |
| | * | **CIVIL ACTION** |
| Plaintiff, | * | **NO.   2:11-cv-01314** |
| | * | |
| **VERSUS** | * | **SECTION "J"** |
| | * | **Judge Carl J. Barbier** |
| **JOHN DOES 1-7,** | * | |
| | * | **MAG. DIV. 5** |
| Defendants. | * | **Magistrate Judge Alma L. Chasez** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTION TO REFER TO BANKRUPTCY**

This memorandum is submitted on behalf of Plaintiff, Treaty Energy Corporation ("TECO"), in opposition to the Motion to Refer to Bankruptcy filed by anonymous defendants John Doe 4 aka "Russian-Trader" and John Doe 6 aka "Chilar4567" (Rec. Doc. 25), which is scheduled for submission on Wednesday, September 14, 2011.  Despite defendants' reprehensible claims of fraud, there is and has never been any connection with this case to any matter pending in bankruptcy court. Indeed, at this point, plaintiff has no information regarding the identities of the seven defendants and, thus, no way of knowing whether any of the parties herein are even involved in the referenced bankruptcy proceedings.  Furthermore, as plaintiff's claim against these defendants is for defamation, the bankruptcy court is without jurisdiction to hear such matters. Finally, the Motion to Refer to Bankruptcy should be denied because this proceeding has no connection with the bankruptcy matter referenced in the motion, plaintiff has

demanded a trial by jury, and there is no other basis to transfer or refer this matter from this Court.

Although these two defendants fail to identify any specific basis for referring this matter to bankruptcy court, they rely upon Local Rule 83.4.1 and 28 U.S.C. § 157.  Local Rule 83.4.1 provides:

> All cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district. As set forth in 28 U.S.C. 157(b)(5), personal injury tort and wrongful death claims must be tried in the district court.

As can be seen by the Complaint (Rec. Doc. 1) filed in this matter, this is not a case under Title 11.  To the contrary, it is a state-law claim for defamation that plaintiff filed in this Court based on diversity jurisdiction.  Nor does this matter arise in or relate to a case under Title 11.  TECO is not in bankruptcy and, as mentioned above, the identities of the seven "John Doe" defendants are unknown.  Not surprisingly, the two defendants who filed this Motion to Refer have not yet voluntarily identified themselves.  Thus, at this point, there is no way of knowing whether any of the parties to this litigation have filed or are parties to a pending bankruptcy proceeding, to which this case could possibly relate.

More importantly, Local Rule 83.4.1 specifically provides that "personal injury tort" claims "must be tried in the district court."  Similarly, 28 U.S.C. § 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Recently, *In re Pilgrim's Pride Corp.*, 08-45664 (Bankr. N.D. Tex. 08/26/11), 2011 WL 3799835, *3, a Texas bankruptcy court held that it was without jurisdiction to hear a defamation claim:

> The court arguably cannot adjudicate defamation claims. *See* 28 U.S.C. § 157(b)(2)(B), (5); *Elkes Dev., LLC v. Arnold (In re Arnold)*, 407 B.R. 849, 853 (Bankr.M.D.N.C.2009) (concluding that "defamation claims constitute personal injury tort claims within the meaning of [s]ection 157(b)(5)"); *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 279 (M.D.Fla.2002) (concluding that a defamation claim must be tried in U.S. District Court because it is a personal injury claim); *contra Massey Energy Co. v. W. Va. Consumers for Justice*, 351 B.R. 348, 351 (E.D.Va.2006) (concluding that bankruptcy courts have jurisdiction to adjudicate a claim for defamation). The court will not exceed its jurisdiction and so concludes that Wheatley's claim for defamation must be tried, if at all, before the District Court. See 28 U.S.C. § 157(b)(5).

*See also Boyer v. Balanoff (In re Boyer)*, 93 B.R. 313, 317 (Bankr.N.D.N.Y.1988) (The term "embraces a broad category of private or civil wrongs or injuries for which a court provides a remedy in the form of an action for damages, and includes damage to an individual's person and any invasion of personal rights, such as libel, slander and mental suffering") (citing Black's Law Dictionary 707, 1335 (5th ed.1979)).  In this matter, the only cause of action is a "Claim for Defamation" and, as a result, it must be tried in this Court.

Even if further analysis under 28 U.S.C. § 157 is necessary, which it is not, there is still no basis to refer this matter to bankruptcy court.  Recently, this Court analyzed § 157 on a motion to withdraw reference to bankruptcy court in *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 11-1659 (E.D. La. 08/25/11), 2011 WL 3754658.  In granting that motion, this Court summarized the relief available under that Section:

> Congress has provided that each district court may provide that any or all cases under the Bankruptcy Code (United State Code Title 11) and any or all proceedings arising under the Code or arising in or related to a case under the Code shall be referred to bankruptcy judges for the district. 28 U.S.C. § 157(a).

3

> The Eastern District of Louisiana has so provided via Local Rule 83.4.1. Notwithstanding this automatic referral of claims to the bankruptcy court, the district court in some instances may withdraw this reference, taking away a case or proceeding from the bankruptcy court into the district court. *See* 28 U.S.C. § 157(d). This withdrawal may be in whole or in part, and is classified as either mandatory or permissive. *Id.* Defendants do not base their motion for withdrawal of the reference on mandatory grounds. *See id.* (providing that withdrawal is mandatory if the court determines that resolution of the proceeding requires consideration of both the Bankruptcy Code and other U.S. laws regulating organizations or activities affecting interstate commerce).
>
> Permissive withdrawal of the reference to bankruptcy court may occur on the court's own motion or on the timely motion of any party, for cause shown. *Id.* What constitutes "cause shown" is not expressly stated in the statute, but the Fifth Circuit has given several factors for the district court to consider, in articulating the foundation for its decision. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir.1985). These factors can be summarized as follows: (1) whether the matter at issue is a core or a non-core proceeding, (2) whether the proceedings involve a jury demand, and (3) whether withdrawal would further the goals of (a) promoting uniformity in bankruptcy administration, (b) reducing forum shopping and confusion, (c) fostering the economical use of the debtor's and creditors' resources, and (d) expediting the bankruptcy process. *In re OCA*, 410 B.R. at 448.

2011 WL 3754658, **3-4. Although this is not a withdrawal of a reference to bankruptcy court, the above summary demonstrates what is necessary to cause the referral in the first place.

The first element set forth in the Fifth Circuit's *Holland Am. Ins. Co. v. Succession of Roy* decision addresses whether the claims at issue are "core" or "non-core." The term "core proceeding" is not statutorily defined, but the statute provides an illustrative list, none of which apply in this matter. In fact, the only one which defendants may argue applies is Subsection (b)(2)(O) ("other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship"), but it again expressly states that it again does not apply to

4

"personal injury tort or wrongful death claims." Further, as this Court noted in *In re Gulf States*, the Fifth Circuit has "declined to give a broad reading to Subsection (O), because to do so would make the entire range of proceedings within bankruptcy jurisdiction fall within the scope of a 'core proceeding,' which is contrary to legislative intent." 2011 WL 3754658, *5 (citing *In re Wood*, 825 F.2d 90, 95 (5th Cir.1987)). Therefore, this is not a core proceeding of any bankruptcy matter.

The next factor is whether a party has demanded a jury trial. As this Court stated in *In re Gulf States*, "This is a relevant factor because bankruptcy courts in this district are not authorized to conduct jury trials." Indeed, Local Bankruptcy Rule 9015–1 provides: "Jury trials are not held in this court." In Paragraph 37 of its Complaint, TECO expressly "demands a trial by jury of all issues triable by a jury in the captioned matter." (Rec. Doc. 1, p. 10). Therefore, a referral to bankruptcy court is not possible.

The remaining factors identified in *Holland Am. Ins. Co. v. Succession of Roy* likewise weigh in favor of denying the instant Motion to Refer to Bankruptcy. As defendants acknowledge in their motion, there has already been a trial in an adversary proceeding in that matter. Referring this case would create significant delays in the resolution of that matter and be a complete waste of judicial resources. Furthermore, only two of seven defendants have requested the referral. It would make little sense to force the other five defendants to bankruptcy court if they have no connection with those proceedings. Defendants simply fail to show any "cause" which would compel referral at all.

For these reasons, plaintiff submits that the Motion to Refer to Bankruptcy should be denied in all respects and the matter allowed to proceed in this Court.

Respectfully submitted,

  /s/ *Andrew L. Kramer*  
**Andrew L. Kramer, T.A. (La. Bar # 23817)**
**Binford E. Parker III (La. Bar # 31908)**
201 St. Charles Avenue, Suite 2504
New Orleans, Louisiana 70170
Telephone:   (504) 599-5623
Facsimile:   (866) 667-3890
Email: akramer@kramerllc.com
       tparker@kramerllc.com

**Counsel for Plaintiff Treaty Energy Corporation**

**CERTIFICATE OF SERVICE**

On this 7th day of September, 2011, the undersigned hereby certifies that the foregoing Memorandum in Opposition to Motion to Refer to Bankruptcy has been served via electronic transmission upon counsel for plaintiffs as follows:

    Counsel for John Doe 2 aka "smithsd7"
       and John Doe 5 aka "Xylan"
    Michael H. Page, Esq.
    1600 20th St., NW
    Washington, DC 20009

    Counsel for John Doe 4 aka "Russian-Trader"
       and John Doe 6 aka "Chilar4567"
    Reginald J. Laurent, Esq.
    3277 Ponchartrain Drive
    Slidell, LA 70458

   */s/ Andrew L. Kramer*   .