```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

TREATY ENERGY CORPORATION                    CIVIL ACTION

VERSUS                                        NO: 11-1314

JOHN DOES                                     SECTION: J(5)


**ORDER AND REASONS**

Before the Court is **Defendant Russian-Trader Doe and Defendant Chilar4567 Doe's Motion to Refer to Bankruptcy (Rec. Doc. 25).**


**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This defamation action arises out of a series of posts by seven individuals on an investing message board. Plaintiff Treaty Energy Corporation ("TECO") is a corporation incorporated in Nevada with its principal place of business in Louisiana. TECO's stock is publicly traded as a "penny stock," meaning that its common shares trade at less than a dollar per share.

Defendants are individuals who posted allegedly defamatory comments about TECO and its officers on an investing website called "InvestorsHub.com," which provides a forum for investors to discuss particular stocks and investment strategies. The substance of the allegedly defamatory statements varies somewhat, but essentially, the Defendants accused TECO and its officers of

lying and misleading investors in various ways and of basically using the company as a "scam" for personal gain.  Specifically, they accused TECO and its officers of using "shell companies" to hide dubious transactions and issuing false press releases intended to "pump" the value of TECO's stock.

TECO explains that, as a penny stock, its shares are particularly vulnerable to fluctuations in value as a result of "sell"orders from small numbers of investors.  Accordingly, it seeks to recover the decrease in the value of its stock resulting from Defendants' posts, as well as general damages for injury to its reputation.

On August 10, 2011, two of the seven John Doe Defendants filed this Motion to Refer the Case to Bankruptcy Court.  TECO filed an opposition on September 6, 2011.

**PARTIES' ARGUMENTS**

Defendants Russian-Trader Doe and Chilar4567 Doe raise two arguments in support of their motion.  First, they argue that this defamation action should be transferred to the Bankruptcy Court for reasons of efficiency and conservation of judicial resources.  They contend that the substance of all of the allegedly defamatory posts relate to issues of bankruptcy fraud, securities fraud, and income tax fraud which are currently pending before the Eastern District's Bankruptcy Court.  Furthermore, they allege that the Bankruptcy Court has already conducted a trial on the merits on matters relating to fraud in

the creation of Treaty Energy Corporation and would therefore be in the best position to determine whether the posts were actually defamatory.

Next, Defendants argue that the Bankruptcy Court has jurisdiction to hear this defamation suit under several bases of authority. First, they contend that the instant suit is a "core proceeding" as defined under the Bankruptcy Code because it is "related to" a case brought under the Bankruptcy Code. Alternatively, they urge that the Court should refer the case to the Bankruptcy Court as a non-core "otherwise related" proceeding under 28 U.S.C. § 157(c)(1).

TECO essentially draws the opposite conclusions in opposition to Defendants' motion. First, TECO first argues in opposition that the instant dispute is wholly unrelated to any matters pending in bankruptcy court. It points out that it lacks knowledge of the Defendants' identities and is therefore unable to determine whether they are involved in the pending bankruptcy proceedings. Next, it argues that the Bankruptcy Court lacks jurisdiction to hear the instant case for several reasons. First, it points out that under both the Eastern District's Local Rules and 28 U.S.C. § 157(b)(5), all personal injury tort and wrongful death claims must be tried in the district court. Finally, TECO notes that it has demanded a trial by jury, and bankruptcy courts are not authorized to conduct jury trials in the Eastern District of Louisiana. Accordingly, it argues that

Defendants' motion should be denied.

## DISCUSSION

District courts have jurisdiction over bankruptcy cases and are statutorily authorized to refer certain cases to bankruptcy courts. See 28 U.S.C. § 1334 (district court jurisdiction; 28 U.S.C. § 157 (bankruptcy court jurisdiction). Bankruptcy courts are only authorized to hear two types of proceedings: "core" and "non-core" proceedings. Core proceedings are those proceedings which "arise under" Title 11 or arise in a case under Title 11. 28 U.S.C. § 157(b). Non-core proceedings, in contrast, are those proceedings that are otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1).

Local Rule 83.4.1 provides that "[u]nder the authority of 28 U.S.C. § 157, the district court refers to the bankruptcy judges of this district all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11." It goes on to state, however, that "as set forth in 28 U.S.C. § 157(b)(5), personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending."

Here, the only cause of action asserted by TECO is a claim for defamation, which is clearly a personal injury tort claim within the meaning of 28 U.S.C. § 157. *See In re Pilgrim's Pride Corp.*, 08-45664, 2011 WL 3799835, at *3 (Bankr. N.D. Tex. Aug. 26, 2011)(concluding that a defamation suit was beyond the

bankruptcy court's jurisdiction). Accordingly, it would appear that it must be tried in the district court.

In response, Defendants have argued that the provisions of 28 U.S.C. § 157(b)(5) are not jurisdictional, as 28 U.S.C. § 157(c)(2) authorizes the district court to refer a matter "related to" a matter pending in bankruptcy for trial on the merits.  It is clear, however, that Plaintiff does not consent to such a referral.  Furthermore, as TECO points out, it has demanded a trial by jury on its defamation claim, and the Bankruptcy Courts in the Eastern District of Louisiana are not authorized to conduct jury trials.  *See* LBR 9015-1.

Defendants have cited no other persuasive authority as to why this case should be referred to the Bankruptcy Court.  Under these circumstances, it is clear that referral is improper.

### CONCLUSION

Accordingly,

**IT IS ORDERED** that **Defendants' Motion to Refer to Bankruptcy (Rec. Doc. 25)** is **DENIED.**

New Orleans, Louisiana, this 30th day of September, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE