```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**TREATY ENERGY CORPORATION**                    **CIVIL ACTION**

**VERSUS**                                        **NUMBER: 11-1314**

**JOHN DOE 1 a/k/a "VIKI",**                      **SECTION: "J"(5)**
**ET AL.**


                                ORDER

     The following constitutes the ruling of the Court on the motions to quash subpoenas of defendants, John Doe 2 a/k/a "SMITHSD7", John Doe 5 a/k/a "XYLAN", John Doe 4 a/k/a "RUSSIAN-TRADER", and John Doe 6 a/k/a "CHILAR4567", and plaintiff's supplemental motion for leave to conduct discovery prior to Rule 26(f) conference and to shorten response time. (Rec. docs. 5, 7, 26).

     The above-captioned matter is a defamation action brought by plaintiff, Treaty Energy Corporation ("TECO"), a Nevada corporation with its principal business in Louisiana, against defendants, nine anonymous individuals who are known at this point only by fictitious names. (Rec. docs. 1, 59). TECO accuses the defendants

of posting allegedly defamatory comments about it and its officers on an investing-related website called InvestorsHub.com ("iHub") which provides a forum for investors and potential investors to discuss particular stocks and investment strategies. By way of example, defendants charge TECO with deceit and lying to investors in press releases, using shell companies and intentionally presenting an inaccurate picture of its financial strength, engaging in fraud and insider trading, violating securities regulations, and otherwise enriching itself to the detriment of its investors. (Id.).

The motions that are before the Court pit the protections afforded by the laws of defamation against the First Amendment's guarantee of freedom of speech and notions of anonymity in the current climate of internet use. Early on in this case, the Court granted plaintiff's ex parte motion for leave to conduct discovery prior to the required Rule 26(f) conference, allowing it to subpoena from iHub documents which, inter alia, contain sufficient information to identify the anonymous posters and to accomplish the threshold task of serving them with its complaint. (Rec. docs. 3, 4). Service of that subpoena resulted in the filing of the motions to quash of four of the "John Doe" defendants in which they understandably seek to block the disclosure of the requested information. (Rec. docs. 5, 26). After the first of those motions

to quash was filed, plaintiff filed a supplemental motion for leave to conduct discovery in which it sought to propound interrogatories upon the moving defendants to directly obtain from them the identity-related information that had been requested in the third-party subpoena. (Rec. doc. 7).  All motions have been opposed and thus the proverbial battle lines have been drawn.

      Having considered the ample, extensive authorities cited by the parties, the Court finds persuasive the reasoning set forth in <u>Eade v. InvestorsHub.com, Inc. ,et al.</u>, 11-CV-1315-JAK-CW (C.D. Cal. July 12, 2011), a case with some similarities to the matter at hand.  In that case, the plaintiff sued a number of "John Doe" individuals who had anonymously posted allegedly defamatory comments about seven publicly-traded companies on iHub.  iHub itself was also named as a defendant for purportedly contributing to the content of, and maintaining, the allegedly defamatory statements on its website.  In response to the lawsuit, iHub filed a motion to strike pursuant to California's statute barring strategic lawsuits against public participation, one of the so-called "Anti-SLAPP" statutes.  Louisiana law has a similar provision, LSA-C.C.P. Art. 971, the purpose of which is "...to encourage continued participation in matters of public significance" and in response to "...a disturbing increase in lawsuits brought primarily to chill the valid exercise of the

constitutional rights of freedom of speech and petition for redress of grievances."  Section 2 of Acts 1999, No. 734.  Article 971(A)(1) provides that "[a] cause of action against a person arising from an act of that person in furtherance of the person's right of ... free speech ... in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim."  The provisions of Article 971 apply in a diversity suit like the present one.  Henry v. Lake Charles Am. Press, L.L.C., 566 F.3d 164, 168-69 (5th Cir. 2009). The defense motions at issue are the functional equivalent of motions to strike under Article 971(A)(1).

As observed by the court in Eade, supra, statements regarding publicly traded companies, their management, and potential investment scams related to them all qualify as statements made in the public interest.  Eade, 11-CV-1315, rec. doc. 53 at pp.5-6.  As such, the burden shifts to the plaintiff to demonstrate a probability of success on its claim.  Henry, 566 F.3d at 181.  That burden has been described as a difficult one as the justification of the Anti-SLAPP statutes is the importance of free speech.  Id. at 181-82.

Measured against the foregoing standards, the Court does not believe that that weighty burden has not been met here.  As a

4

publicly traded corporation who complains of statements made on matters of public interest, plaintiff is more properly characterized as a public figure.  As such, plaintiff must plead and prove actual malice.  In re: Baxter, 2001 WL 34806203 at *6 (W.D. La. Dec. 20, 2001).  That has not been specifically pled by plaintiff in its original or amended complaints.  Secondly, the statements complained of by plaintiff appear to be directed more at its officers, employees, and/or shareholders rather than the plaintiff itself.  Unlike the individual plaintiff in Gorman v. Swaggart, 524 So.2d 915 (La. App. 4th Cir.), writ denied, 530 So.2d 571 (La. 1988), cert. denied, 489 U.S. 1017, 109 S.Ct. 1134 (1989), who was the principal spokesman and undoubtedly the "face" of the corporate plaintiff in that case, there is no suggestion that the officers or employees of TECO who were mentioned in the posts occupy positions of such similar prominence.  That therefore brings the instant matter more under the general rule that an action for defamation is personal to the one defamed and cannot be asserted by one only indirectly affected.  Gorman, 524 So.2d at 919 (citing Coulon v. Gaylord Broadcasting, 433 So.2d 429 (La. App. 4th Cir.), writ denied, 439 So.2d 1073 (La. 1983)).

   Moreover, reviewing the complained-of comments objectively and in the context in which they were made, they are not susceptible of a defamatory meaning.  Statements that plaintiff

5

is not "transparent", has issued "vague" press releases, uses "smoke and mirrors", is a "pump machine", and has a shareholder who is a "proven scam artist" are extremely similar if not the same as comments that were found to be non-actionable in Eade, supra. There, the allegedly defamatory statements included ones that the plaintiff was a scam artist, a "scamster", a "swindler", runs "pump and dump" scams, manipulates people or stocks, was sleazy, unethical, and otherwise scammed people. Eade, 11-CV-1315, rec. doc. 53, p.8. Those were found to be non-verifiable statements that can be proven to be true or false. Id. References to someone as a "liar" or lying conjure up a spectrum of untruths and were similarly found to be non-verifiable statements that can be proven to be true or false. Id. at pp. 8-9. In a like vein, general allegations that a plaintiff has committed crimes premised on accusations that he has "stolen everyone's (investor's) money", was "engaging in illegal actions", and engages in "pump and dump" scams, when taken in the context of anonymous bulletin board postings, were found not to reasonably infer actual criminal conduct but were more in the nature of opinion-based statements. Id. at p. 9. Quotes taken from bankruptcy pleadings are already matters of public record. For the foregoing reasons, defendants' motions to quash are hereby granted and plaintiff's supplemental motion for leave to conduct discovery is denied.

New Orleans, Louisiana, this 9th day of November, 2012.

                                      ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE